**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

           **Plaintiff,**

**-vs-**                                                  **Case No. 6:09-cv-2123-Orl-31KRS**

**SCOTT J. BAUER,**
           **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR DEFAULT JUDGMENT (Doc. No. 8)
>
> **FILED:** March 5, 2010

**I.  INTRODUCTION.**

On December 16, 2009, Plaintiff United States of America ("United States") filed a Complaint against Defendant Scott Bauer seeking to recover principal and interest owed by Bauer for failing to make payments on a student loan. Doc. No. 1-4. Bauer was served with process on January 8, 2010. Doc. No. 5. He failed to respond as required by law. Accordingly, at the United States' request, the Clerk of Court entered a default against Bauer on February 2, 2010. Doc. Nos. 6, 7. The United States has now filed the instant motion for entry of a default judgment against Bauer. Doc. No. 8.

In support of the motion, the United States filed the Military Declaration of Ross Richard indicating that Bauer is not presently in the military service of the United States. Doc. No. 8-1.

Attached to the Complaint are a Loan Consolidation Application and Promissory Note, Doc. No. 1-1, and a sworn Certificate of Indebtedness from the United States Department of Education ("Department"), Doc. No. 1-2.

The matter has been referred to me for issuance of a Report and Recommendation. At the time of writing the Report, Bauer has not responded to the United States' motion, and the time for doing so has passed. Accordingly, the matter is ripe for resolution.

**II.     APPLICABLE LAW.**

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The United States Supreme Court recently clarified the difference between well-pleaded facts and conclusory allegations. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court addressed what factual allegations are necessary to survive a motion to dismiss. It explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Courts have concluded that this analysis is equally applicable to a motion for default judgment. *See, e.g., Bogopa Serv. Corp. v. Shulga*, No. 3:08cv365, 2009 U.S. Dist. LEXIS 48469, at *2-4 (W.D.N.C. June 10, 2009); *United States v. Scotia Pharm. Ltd.*, No. 03-00658, 2009 Ct. Intl. Trade LEXIS 54 (Ct. Int'l Trade May 20, 2009). If the well-pleaded facts of the complaint are insufficient to survive a motion to dismiss, liability has not necessarily been established.

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Fed. R. Civ. P. 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id.*

### III. ALLEGATIONS OF THE COMPLAINT.

The United States alleges that Bauer owes it the principal amount of $84,191.90, and interest in the amount of $50,958.00 as of April 20, 2009, together with interest accruing thereafter at the rate of 8% per annum. Doc. No. 1-4 ¶ 4. The sworn Certificate of Indebtedness from the Department attached to the Complaint reflects the following:

On or about September 12, 1994, Bauer executed a promissory note to secure a Federal Family Education Loan Program Consolidation loan from Barnett Higher Education Loan Program in Jacksonville, Florida. On September 21, 1994, the loan was disbursed for $52,096.00 at 8% interest

per annum. The loan was guaranteed by the State of Florida, Department of Education, and then reinsured by the United States Department of Education under the Higher Education Act, 20 U.S.C. § 1071, *et seq*. The original holder of the loan, Barnett Higher Education Loan Program, demanded payment according to the terms of the note, but received no payment.

Bauer defaulted on the loan on September 26, 2001. Due to the default, the guaranty agency, State of Florida, Department of Education, paid the amount then due, which was $84,191.90. The guarantor was then reimbursed for the payment by the Department pursuant to a reinsurance agreement. The guarantor attempted to collect the debt from Bauer, and was unable to collect the amount due. On September 26, 2007, the guarantor assigned its right and title to the loan to the Department. As of the date the Certificate of Indebtedness was prepared on October 29, 2009, the Department had credited a total of $0.00 in payments from all sources to the balance. The total debt as of April 20, 2009 was $135,149.90, with interest accruing on the principal at the rate of $18.44 per day. Doc. No. 1-2.

The United States seeks judgment against Bauer in the amount of $84,191.90, together with interest in the amount of $50,958.00 as of April 20, 2009, and interest on the principal amount accruing thereafter at the rate of 8% per annum. Doc. No. 8 ¶ 3.

## IV. ANALYSIS.

### *A. Liability.*

"In order for judgment to be entered in favor of the United States, it must prove that (1) defendant executed the note; (2) the United States is the present holder of the note; and (3) the note is in default." *United States v. Mendoza*, C.A. No. C-06-171, 2007 WL 677268, at *1 (S.D. Tex. Mar. 1, 2007).

The body of the Complaint does not allege that Bauer executed a promissory note, that the United States is the present holder of the note, or that the note is in default. However, Federal Rule of Civil Procedure 10(c) provides, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Attached to the Complaint is a promissory note which is signed by Bauer. Doc. No. 1-1. Also attached to the Complaint is a Certificate of Indebtedness. Doc. No. 1-2. The Certificate reflects that the note was assigned to the Department, and that the note is in default. *Id.*

Accordingly, by failing to answer the Complaint, Bauer is deemed to have admitted that he signed the promissory note, that the United States is the present holder of the note by assignment, and that the note is in default. This is sufficient to establish that Bauer is liable for payment due under the note.

*B. Damages.*

The sworn Certificate of Indebtedness establishes that Bauer failed to make any payments of sums due under the promissory note. Accordingly, the Department avers that Bauer owes the United States the following sums:

| | |
|---|---|
| Principal: | $ 84,191.90 |
| Interest: | $ 50,958.00 |
| Total debt as of 4/20/09: | $ 135,149.90 |
| Additional accrued interest: | $ 18.44 per day |

Doc. No. 1-2. Due to Bauer's failure to make payments on his student loan, the United States is entitled to a judgment for unpaid principal in the amount of $84,191.90, and interest in the amount of 50,958.00 as of April 20, 2009, plus pre-judgment interest at the rate of $18.44 per day through the date of entry of the judgment in this case.

## V. RECOMMENDATION.

Based upon the foregoing, I respectfully recommend that the Court do the following:

1. **GRANT** the United States' Motion for Default Judgment, Doc. No. 8;

2. **DIRECT** the United States to submit a proposed judgment with the pre-judgment interest calculated as of the date provided by the Court; and

3. **DIRECT** the Clerk of Court to enter judgment against Scott Bauer in the amount of $135,149.90 plus the accrued pre-judgment interest consistent with the Order entered on the Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 12, 2010.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy